# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM FRANKLIN LAFFOON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV 10-229-FHS-KEW |
| ) | |
| ERIC FRANKLIN, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's amended petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Lexington Correctional Center in Lexington, Oklahoma, attacks his conviction and sentence in Wagoner County District Court Case Number CF-2005-352 for Domestic Abuse.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d).

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that petitioner entered a guilty plea on November 20, 2006, and his Amended Sentencing Order was entered on November 22, 2006. *See* Docket #13-1 at 4, 6. He did not seek to timely withdraw his plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals, so the conviction became final on December 2, 2006, ten days after entry of the Judgment and Sentence. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. The deadline for filing a habeas corpus petition, therefore, was December 2, 2007, one year later. *See* 28 U.S.C. § 2244(d)(1)(A). This habeas corpus petition was filed on June 30, 2010.

Petitioner argues in his response to the motion to dismiss that he was held in solitary confinement with no access to legal materials or writing materials. He was transferred to the Oklahoma Department of Corrections on September 30, 2010, but still had no access to writing materials. The court notes, however, that petitioner's transfer came after he filed this petition, so he actually managed to prepare and file the petition while in the Wagoner County Jail. *See* Docket #1 at 1.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only

in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. at 418 (2005)) (internal quotation marks omitted). After careful review, the court finds petitioner has failed to demonstrate he diligently pursued his rights and that an extraordinary circumstance prevented his timely filing.

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket #12] is GRANTED, and this action is, in all respects, DISMISSED.

IT IS SO ORDERED this 3rd day of August, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma